**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

THELMA WILLIAMS, JR.　　　　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF
ADC #93197

V.　　　　　　　　　　　　NO: 5:09CV00005 JMM/HDY

M. FERRICHER *et al.*　　　　　　　　　　　　　　　　　　　　　　　　　　　DEFENDANTS

## ORDER

Plaintiff, an inmate at the Tucker Maximum Security Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se*[1] complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, along with a motion for leave to proceed *in forma pauperis* (docket entry #1), on January 8, 2009. According to Plaintiff, he is being denied legal assistance and body lotion[2] in retaliation for lawsuits he has filed.

Because Plaintiff's complaint must be dismissed, without prejudice, pursuant to the three-strikes provision of the Prison Litigation Reform Act ("PLRA"), Plaintiff's pending motion for leave to proceed *in forma pauperis* will be denied.

Under the three-strikes provision of the PLRA, the Court must dismiss a prisoner's *in forma*

---

[1] Plaintiff is notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

[2] Plaintiff's complaints regarding body lotion appear to be an element of his claim in *Williams v. Cook* et al., ED/AR 5:07CV300.

*pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).

Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Plaintiff has had at least thee prior cases dismissed for failure to state a claim upon which relief may be granted.[3] Plaintiff' three-strike status has also been noted in another case.[4] The Court additionally finds, based on the allegations contained in Plaintiff's present complaint, that he is not in imminent danger of serious physical injury. Accordingly, Plaintiff's complaint must be dismissed.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. Should Plaintiff wish to continue this case, he must submit the statutory filing fee of $350.00 to the Clerk of the Court, noting the above case style number, within thirty 30 days of the entry date of this order, along with a motion to reopen the case. Upon receipt of the motion and full payment, this case will be reopened.

2. All pending motions are DENIED.

---

[3] *See Williams v. Gibson et al.*, ED/AR No. 5:07CV00178 (filed July 13, 2007); *Williams v. Bennett et al.*, ED/AR No. 5:07CV00179 (filed July 13, 2007); *Williams v. Smallwood et al.*, 5:07CV00181 (filed July 13, 2007).

[4] *See Williams v. Edward et al*, ED/AR No. 2:08CV188 (filed October 16, 2008).

3. The Court additionally certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order or any judgment entered hereunder, would not be taken in good faith.

IT IS SO ORDERED this 15th day of January, 2009.

_____
UNITED STATES DISTRICT JUDGE